1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10

11   ROBIN A. HASSETT,                    )   Case No. 10cv2092-LAB (BLM)
                                          )
12            Plaintiff,                  )   **REPORT AND RECOMMENDATION**
                                          )   **FOR ORDER GRANTING**
13   v.                                   )   **PLAINTIFF'S MOTION FOR**
                                          )   **SUMMARY JUDGMENT AND**
14   MICHAEL J. ASTRUE, Commissioner of   )   **DENYING DEFENDANT'S CROSS-**
     Social Security,                     )   **MOTION FOR SUMMARY**
15                                        )   **JUDGMENT**
              Defendant.                  )
16   _____  )

17

18          Plaintiff Robin A. Hassett brought this action for judicial review of the Social Security

19   Commissioner's (Commissioner) denial of her application for disability insurance benefits and

20   supplemental security income.  Before the Court are Plaintiff's Motion for Summary Judgment

21   (ECF No. 16) and Defendant's Cross-Motion for Summary Judgment (ECF No. 19).

22          This Report and Recommendation is submitted to United States District Judge Larry A.

23   Burns pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1(c) of the United States District

24   Court for the Southern District of California.  For the reasons set forth below, this Court

25   **RECOMMENDS** that Plaintiff's Motion for Summary Judgment be **GRANTED** and Defendant's

26   Cross-Motion for Summary Judgment be **DENIED**.

27   ///

28   ///

**PROCEDURAL BACKGROUND**

On February 2, 2007, Plaintiff applied for disability insurance benefits and supplemental security income.  Administrative Record (AR) at 223-29.  Plaintiff alleged that she had been unable to work due to her disabling condition since May 20, 2002[1].  Id. at 223, 227.  The Social Security Administration denied her claim initially (id. at 121-25) and on reconsideration (id. at 117-20, 133-37).

Plaintiff requested a hearing (id. at 139-40) and on July 2, 2009, an Administrative Law Judge (ALJ) conducted a hearing, during which Plaintiff, a vocational expert, and a medical expert testified (id. at 60-98).  The medical expert explained that the record was somewhat deficient and opined that it "might be a good idea to get a fresh psychiatric consultation from an outside source."  Id. at 88-90.  The medical expert specifically recommended that Dr. H. Douglas Englehorn conduct the consultative examination.  Id. at 90.  The ALJ adopted this recommendation and continued the hearing until Plaintiff could be examined by a consultative psychiatrist.  Id. at 92-94.  The ALJ specifically requested that Dr. Engelhorn conduct the examination.  Id. at 92-93.

On August 3, 2009, Dr. Engelhorn examined Plaintiff.  Id. at 660.  He provided his findings in a report dated August 5, 2009.  Id. at 656-64.  On December 15, 2009, the ALJ convened the continued hearing and heard testimony from Plaintiff, a different medical expert, and a different vocational expert.  Id. at 33-59.  In a decision dated March 4, 2009, the ALJ determined that Plaintiff was not disabled.  Id. at 21-32.

The Appeals Counsel denied Plaintiff's request for review on August 26, 2010, making the ALJ's decision the final determination of the Commissioner.  Id. at 1-3.  Plaintiff filed the instant action on October 7, 2010.  ECF No. 1.

**FACTUAL BACKGROUND**

Pursuant to Social Security Administration regulations, the ALJ followed a five-step sequential evaluation process for determining whether Plaintiff was disabled.  AR at 22-23; see

---

[1] Plaintiff later amended her onset date to July 25, 2007.  AR at 65.

also 20 C.F.R. §§ 404.1520(a), 416.920(a) (describing five-step assessment).  In so doing, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; a bipolar II disorder; post traumatic stress disorder; a personality disorder, mixed type; and a polysubstance addiction disorder, in remission.[2]  AR at 24.  He concluded that these impairments prevented Plaintiff from performing any of her past relevant work.  Id. at 30.  The ALJ further concluded that Plaintiff retained the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for no more than six hours in an eight-hour workday; and sit for no more than six hours in an eight-hour workday.  Id. at 26.  Additionally, he found that she was limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling.  Id.  In regard to mental function, the ALJ found Plaintiff's abilities to be limited to simple, repetitive tasks in a nonpublic setting.  Id.

In light of this residual functional capacity, the ALJ concluded that Plaintiff was not disabled and that she would be able to perform jobs that exist in significant numbers in the regional and national economy, including small product assembler, nut and bolt packer, and garment sorter.  Id. at 30-31.

## STANDARD OF REVIEW

Section 405(g) of the Social Security Act permits unsuccessful applicants to seek judicial review of the Commissioner's final decision.  42 U.S.C. § 405(g).  The scope of judicial review is limited in that a denial of benefits will not be disturbed if it is supported by substantial evidence and contains no legal error.  Id.; Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence is "more than a mere scintilla but may be less than a preponderance."  Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001) (citation omitted).  It is "relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion."  Id. (citation omitted); see also Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  Where the evidence reasonably can be construed to support more than one

---

[2]  Neither party objects to the ALJ's determination about Plaintiff's impairments.

1   rational interpretation, the court must uphold the ALJ's decision.  <u>Batson</u>, 350 F.3d at 1193.  This

2   includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts.

3   <u>See</u> <u>Lewis</u>, 236 F.3d at 509.

4          Even if the reviewing court finds that substantial evidence supports the ALJ's conclusions,

5   the court must set aside the decision if the ALJ failed to apply the proper legal standards in

6   weighing the evidence and reaching his or her decision.  <u>See</u> <u>Batson</u>, 359 F.3d at 1193.  Section

7   405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's

8   decision.  42 U.S.C. § 405(g).  The reviewing court may also remand the matter to the Social

9   Security Administration for further proceedings.  <u>Id.</u>

10                                              **DISCUSSION**

11          In his report, the ALJ adopted the conclusions of Miriam Sherman, M.D., the non-examining

12   medical expert who opined during the second hearing on Plaintiff's mental functioning.  Based

13   upon her review of the medical records, Dr. Sherman stated that Plaintiff is capable of performing

14   simple, repetitive non-public tasks.  AR at 27, 29.  Using this assessment, the vocational expert

15   at the second hearing testified that Plaintiff could not perform any of her past relevant work, but

16   could perform work as a small products assembler, nut and bolt packer, or garment sorter.  <u>Id.</u>

17   at 55-56.  Accordingly, the ALJ determined that Plaintiff was not disabled.  <u>Id.</u> at 31.  In reaching

18   this decision, the ALJ explicitly considered and evaluated the opinions of four doctors (Sherman,

19   Sabourin, Close and Glassman).  <u>Id.</u> at 29.  Despite the fact that the ALJ continued the first

20   hearing for the sole purpose of obtaining a new psychiatric examination and report, preferably

21   by Dr. Engelhorn, the ALJ did not mention Dr. Engelhorn, nor any of the opinions set forth in his

22   report.  <u>Id.</u> 92-94.

23          Plaintiff challenges the ALJ's assessment regarding her mental capacity for work.  Pl.'s

24   Mem. P. & A. Supp. Mot. for Summ. J. (Pl.'s Mem.) at 2.  Specifically, Plaintiff argues that the ALJ

25   explicitly adopted the conclusions of the non-examining medical expert, Dr. Sherman, and

26   implicitly rejected the conclusions of the examining medical expert, Dr. Engelhorn, without

27   articulating "specific and legitimate reasons" for doing so.  <u>Id.</u> at 3-4.  Plaintiff explains that Dr.

28   Sherman's conclusion that Plaintiff can perform simple, repetitive non-public tasks contradicts Dr.

                                                        4                                    10cv2092-LAB (BLM)

Engelhorn's opinion that Plaintiff suffers moderate to marked limitations in her ability to interact appropriately with the public, supervisors, and co-workers.  Id. at 3.  Plaintiff supports her argument with the VE's testimony that the available jobs would be significantly reduced if Dr. Engelhorn's opinions were considered.[3]  Id. at 3-4.

In response, Defendant argues that Plaintiff's assertion that the ALJ failed to address Dr. Engelhorn's medical opinion is "frivolous" because the ALJ directly referenced Dr. Engelhorn's assessment and his report.  Def.'s Mem.[4] at 3 and n.3[5].  Moreover, Defendant submits that the ALJ properly considered the appropriate factors in according more weight to Dr. Sherman's opinion.  Id. at 2 (citing 20 C.F.R. §§ 404.1527(d)(2), (f)(2)(iii), 416.927(d)(2), (f)(2)(iii)).  Finally, Defendant notes that a close examination of Plaintiff's treatment record validates the ALJ's determination.  Id. at 4.

When evaluating medical opinions, the ALJ must afford greater weight to the opinion of an examining physician than to that of a nonexamining physician.  Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995)); 20 CFR § 404.1527(d)(1) (2010).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  Id. (quoting Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005)); Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1222 (9th Cir. 2010).  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  Lester, 81 F.3d at 831 (emphasis in original).

---

[3]  Plaintiff acknowledges that the hypotheticals presented to the VE during the second hearing did not accurately reflect the limitations opined by Dr. Engelhorn. Pl.'s Mem. at 3-4.

[4]  The memorandum accompanying Defendant's Cross-Motion for Summary Judgment [ECF No. 19-1] is identical to Defendant's Opposition to Plaintiff's Motion for Summary Judgment [ECF No. 18].  Accordingly, the Court will refer to both briefs simply as "Def.'s Mem."

[5]  Defendant cited the portion of the ALJ's opinion where the ALJ noted the argument that Plaintiff had "'marked' limitation in interacting appropriately with co-workers, supervisors and the public" and cited exhibit "B22F, p. 4," which was Dr. Engelhorn's assessment.  Def.'s Mem. at 3 n.3.

1    Defendant does not dispute that the ALJ's opinion does not mention Dr. Engelhorn.

2  Rather, Defendant argues in a footnote that the ALJ properly rejected Dr. Engelhorn's opinion

3  because he "discussed Dr. Engelhorn's opinion, directly referencing his assessment that Plaintiff

4  had "'marked' limitation in interacting appropriately with co-workers, supervisors and the public"

5  (AR 27)."  Def.'s Mem. at 3 n.1.  The full paragraph on which Defendant relies states:

6         The Administrative Law Judge has considered counsel's argument that that (sic) the
          claimant has "marked" limitations in interacting appropriately with co-worker (sic),
7         supervisors and the public (Exhibit B22F, p. 4).  However, the objective medical
          evidence does not support such a finding, as Dr. Sherman testified that the claimant
8         could work performing simple repetitive tasks in a nonpublic setting.  Moreover, Dr.
          Jesko[6] was able to identify jobs that the claimant would be able to perform.
9

10  AR at 27.  While Defendant is correct that the exhibit cited by the ALJ (Exhibit B22F) is Dr.

11  Engelhorn's report, the ALJ's statement does not provide the "specific and legitimate reasons that

12  are supported by substantial evidence" required to reject an examining doctor's opinion.

13    The ALJ does not discuss or reject Dr. Engelhorn's opinions; he merely states that he has

14  considered and rejected "counsel's argument."  Considering and rejecting "counsel's argument"

15  is not the same as considering and rejecting an examining doctor's findings, as the second result

16  requires "specific and legitimate reasons that are supported by substantial evidence" for doing

17  so.  The ALJ's failure to discuss Dr. Engelhorn's findings is especially troubling since the ALJ

18  continued the administrative hearing to obtain a new and thorough psychiatric examination of

19  Plaintiff after determining there was insufficient evidence in the record to make a proper disability

20  determination and the ALJ specifically requested that Dr. Engelhorn perform the examination.

21  AR at 89-94. Because Dr. Engelhorn was the most recent examining doctor, specifically requested

22  by the ALJ, the ALJ's rejection of Dr. Engelhorn's opinion, without mentioning Dr. Engelhorn or

23  any of his findings, conclusions, or opinions does not satisfy the ALJ's burden of providing

24  "specific and legitimate reasons, supported by substantial evidence," for rejecting Dr. Engelhorn's

25

26

27         [6]  The ALJ repeatedly refers to Mary Jesko, Ph.D. as having provided expert vocational testimony at the
     December 15, 2009 administrative hearing.  See AR at 27, 30.  This appears to be a typographical error, as the
28   transcript of that hearing reflects that John Kelcher was the testifying vocational expert.  AR at 33.

1  opinion.[7]  See Ryan, 528 F.3d at 1198.

2       The only reason the ALJ offered for rejecting "counsel's argument," which was based on

3  Dr. Engelhorn's report, is that it conflicted with Dr. Sherman's assessment of the medical

4  evidence.  As explained above, the law is clear that "the nonexamining doctor's opinion 'with

5  nothing more' [cannot] constitute substantial evidence," let alone a sufficient basis for rejecting

6  the opinion of an examining physician. Lester, 81 F.3d at 831 (quoting Pitzer v. Sullivan, 908 F.2d

7  502, 506 n.4 (9th Cir. 1990)).  Furthermore, even if the Court ignores the reference to Dr.

8  Sherman, the ALJ's bare assertion that the "the objective medical evidence does not support [Dr.

9  Engelhorn's] finding" (AR at 27), also fails to achieve the level of specificity required in this Circuit.

10  "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and

11  explain why they, rather than the doctors', are correct." Embrey v. Bowen, 849 F.2d 418, 421-22

12  (9th Cir. 1988).  Here, the ALJ simply did not provide specific and legitimate reasons for rejecting

13  Dr. Engelhorn's opinion.

14       Defendant cites to four factors that he argues justified the ALJ's decision to credit a non-

15  examining physician's opinion over that of an examining physician.  Def.'s Mem. at 3-4 (citing 20

16  C.F.R. §§ 404.1527(d)(2), (f)(2)(iii), 416.927(d)(2),(f)(2)(iii) as listing factors an ALJ should

17  consider in determining the degree of weight given to each medical opinion).    However, the

18  factors cited by the Defendant were not provided by the ALJ as a basis for rejecting Dr.

19  Engelhorn's opinion; they were only listed as reasons for crediting Dr. Sherman's opinion.  AR at

20

21            [7]  Though Defendant does not dispute that the ALJ rejected Dr. Engelhorn's assessment (see Def.'s Mem. at
   3), the Court briefly addresses the issue of whether the opinions of Dr. Engelhorn and Dr. Sherman are contradictory
22  because it dictates which standard is to be applied.  If an ALJ rejects an examining physician's *uncontradicted*
   assessment, he must offer clear and convincing reasons, supported by substantial evidence, for doing so. Ryan, 528
23  F.3d at 1198. If the opinion of the examining doctor is *contradicted* by another doctor's opinion, the ALJ need only
   provide specific and legitimate reasons, supported by substantial evidence, for rejecting it. Id. Here, both Dr.
24  Engelhorn and Dr. Sherman agreed that Plaintiff could perform simple, repetitive tasks. AR at 44-45, 664. However,
   Dr. Sherman did not adopt Dr. Engelhorn's view that Plaintiff had moderate to marked limitations in her ability to
25  interact appropriately with supervisors and co-workers. See AR at 658, 664. It appears, then, that the two opinions
   are contradictory.  Further, they are contradictory on a material point because the vocational expert's testimony
26  suggests the additional limitation presented by Dr. Engelhorn would impact the ALJ's disability determination—at least
   in regard to what, if any, other work Plaintiff could perform. See AR at 51-58 (the vocational expert testified that a
27  claimant who could perform simple, repetitive tasks, but suffered a marked limitation in her ability to interact
   appropriately with supervisors or co-workers, likely could not work as a small products assembler, nut and bolt packer,
28  or garment sorter).

27-29.  As such, the listed reasons cannot satisfy the ALJ's obligation to provide specific and legitimate reasons for rejecting Dr. Engelhorn's opinion.  Lester, 81 F.3d at 831.  Likewise, the regulations cited by Defendant list factors that may justify increasing or decreasing the weight given to a particular opinion; they do not specify criteria that justify crediting a non-examining physician's opinion over that of an examining physician.  See 20 C.F.R. §§ 404.1527, 416.927. Nevertheless, the Court will address the four factors.

The ALJ states that he credited Dr. Sherman's opinion because (1) Dr. Sherman's opinion was consistent with Plaintiff's medical record as a whole, (2) Dr. Sherman based her opinion on a full review of Plaintiff's medical record, (3) Dr. Sherman was familiar with the applicable Social Security Regulations for evaluating disability, and (4) Dr. Sherman was a board certified psychiatrist.  Id. (citing AR at 27-29).  With regard to the first factor, the ALJ does not state that Dr. Engelhorn's opinion was not consistent with Plaintiff's medical records, nor does he explain the extent of such an inconsistency.  With regard to the second and third factors, the ALJ does not indicate that Dr. Engelhorn did not consider all of Plaintiff's medical history[8], nor does he state which portion of Plaintiff's medical records contradicts or undermines Dr. Engelhorn's opinion, nor that Dr. Engelhorn is unfamiliar with the applicable Social Security Regulations.[9]  In fact, given that Dr. Engelhorn personally examined Plaintiff, it is likely that he was sufficiently aware of her medical history *and* had additional insights as a result of his personal examination.  Moreover, the ALJ explicitly requested that Dr. Engelhorn perform the examination and it is unlikely the ALJ would have done so if the ALJ thought Dr. Engelhorn was unfamiliar with the applicable regulations.  Finally, with regard to the fourth factor, Dr. Engelhorn also is a board certified

---

[8]  The ALJ had the option of sending Plaintiff's complete medical history to Dr. Engelhorn but chose to only send him a portion of one report.  AR at 92-93 (concurring with the medical expert's statement that "the others might just be confusing").  However, the ALJ instructed Dr. Engelhorn (or the examining doctor) to conduct a "psychiatric consultative exam … to include a history, mental status exam (i.e. Folstein/MMS) and a PTSD evaluation" (id. at 93).  Moreover, Dr. Engelhorn's report indicates that he did obtain a medical, employment, and social history from Plaintiff.  Id. at 660-64.

[9]  Dr. Sherman testified that Dr. Engelhorn is a respected doctor and that she "relied heavily on his report."  AR at 46.  Dr. Sherman did not explain why she disagreed with Dr. Engelhorn's conclusion that Plaintiff had moderate to marked limitations in her ability to interact appropriately with supervisor's and co-workers.  Id. at 46-51.

1    psychiatrist.  See AR at 664.  Thus, the ALJ's proffered reasons for accepting Dr. Sherman's

2    finding do not constitute sufficient specific and legitimate reasons for rejecting Dr. Engelhorn's

3    opinion that Plaintiff suffered moderate to marked limitations in her ability to interact

4    appropriately with co-workers and supervisors.

5         The Court finds that the ALJ erred as a matter of law and, therefore, **RECOMMENDS** that

6    Plaintiff's motion for summary judgment be **GRANTED** and Defendant's cross-motion for

7    summary judgment be **DENIED**.  See 42 U.S.C. § 405(g).

8                                    **<u>CONCLUSION</u>**

9         For the foregoing reasons, this Court finds that the ALJ committed legal error in failing to

10   provide specific and legitimate reasons for rejecting Dr. Engelhorn's opinion.  "Where the

11   Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or

12   examining physician," the Court is directed to "credit that opinion 'as a matter of law.'"  <u>Lester</u>,

13   81 F.3d at 834 (quoting <u>Hammock v. Bowen</u>, 879 F.2d 498, 502 (9th Cir. 1989)).  The Court,

14   therefore, credits as a matter of law Dr. Engelhorn's opinion that Plaintiff is moderately to

15   markedly limited in her ability to interact appropriately with co-workers and supervisors.

16   However, even when this evidence is credited, the administrative record contains no vocational

17   evidence indicating whether Plaintiff still could perform alternate occupations.  The hypothetical

18   Plaintiff's administrative counsel posed to the vocational expert assumed only marked limitations.

19   <u>See</u> AR at 57-58.  For this reason, the Court **RECOMMENDS** that the case be **REMANDED** for

20   consideration of whether Plaintiff's impairments prevent her from making an adjustment to any

21   other work.  <u>See</u> 20 CFR § 404.1520(g).

22        **IT IS HEREBY ORDERED** that any written objections to this Report and Recommendation

23   must be filed with the Court and served on all parties **no later than <u>June 30, 2011</u>**.  The

24   document should be captioned "Objections to Report and Recommendation."

25   ///

26   ///

27   ///

28   ///

1    **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

2  and served on all parties **no later than July 21, 2011**.  The parties are advised that failure to

3  file objections within the specified time may waive the right to raise those objections on appeal

4  of the Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

5

6  DATED:  June 9, 2011

7

8                                                    BARBARA L. MAJOR
                                                     United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28